**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Marcellus Aaron ELDER, Defendant—Appellant.**

No. 04–16439.
D.C. Nos. CV–03–01207–PJH, CR–95–00413–PJH.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

Keslie Stewart, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff—Appellee.

Marcellus Aaron Elder, Taft, CA, pro se.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**556**

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM**

Marcellus Aaron Elder appeals pro se the district court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Elder contends that he received ineffective assistance of counsel because his counsel failed to inform him that the Sentencing Guidelines may allow for a downward departure for acceptance of responsibility if he pleaded guilty instead of proceeding to trial. For Elder to succeed, he must demonstrate that his attorney's representation was deficient to such a degree as to prejudice his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Elder cannot show a reasonable probability that, had he been aware that the Sentencing Guidelines allow for downward departures for acceptance of responsibility, the result of the proceedings would have been different. *See id.* at 693–94; *Franklin v. Johnson,* 290 F.3d 1223, 1237 (9th Cir.2002).

Even assuming deficient conduct, defense counsel's actions did not prejudice the results of Elder's proceeding because a guilty plea is not necessarily sufficient by itself to warrant an acceptance of responsibility adjustment. *See* U.S.S.G. § 3E1.1,

application note 3 ("A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right."). Accordingly, the district court properly denied his § 2255.

### AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

